**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CLARENCE H. SMITH-BEY<br>#187-524<br>Correctional Treatment Facility<br>1901 E Street, S.E.<br>Washington, DC   20003<br><br>              Plaintiff,<br><br>     v.<br><br>CCA/CTF<br>1901 E Street, S.E.<br>Washington, DC   20003<br><br>ARAMARK FOOD CORP.<br>1101 Market Street<br>Philadelphia, PA   19107<br><br>DESANDRA PEACE<br>Correctional Treatment Facility<br>1901 E Street, S.E.<br>Washington, DC   20003<br><br>IFEANYI AKAS<br>Correctional Treatment Facility<br>1901 E Street, S.E.<br>Washington, DC   20003<br><br>WALTER FULTON<br>Correctional Treatment Facility<br>1901 E Street, S.E.<br>Washington, DC   20003<br><br>SHAMEKA BIVENS<br>Correctional Treatment Facility<br>1901 E Street, S.E.<br>Washington, DC   20003,<br><br>              Defendants. | Civil Action No. 1:09-cv-00702-PLF |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CORRECTIONS CORPORATION OF AMERICA, DESANDRA PEACE, IFEANYI AKAS, WALTER FULTON, AND SHAMEKA BIVENS' MOTION TO DISMISS**

**I.    FACTUAL BACKGROUND**

Plaintiff is a current inmate at the Correctional Treatment Facility ("CTF") located in the District of Columbia. Defendant CCA owns and operates CTF, a private prison which houses such inmates in custody of the D.C. Department of Corrections, pursuant to a contract between the District of Columbia ("the District") and CCA.  The District also has a contract with ARAMARK Correctional Services, LLC ("ARAMARK") to manage and operate the food services program at CTF.

Plaintiff filed his Complaint in the United States District Court for the District of Columbia on May 19, 2009 against CCA, "Aramark Food Corp.," and employees Desandra Peace, Ifeanyi Akas, Walter Fulton and Shameka Bivens, who work at CTF. The Complaint asserts that Plaintiff's civil rights were violated pursuant to 42 U.S.C. § 1983 during his detention at CTF after he allegedly discovered a dead cockroach in his food on two separate occasions, once on February 3, 2009 and again on February 18, 2009.  Plaintiff does not allege that he consumed, or even partially consumed, a cockroach on either occasion, and does not allege any injury incurred as result of seeing these cockroaches in his food.  Plaintiff requests $750,000 as relief for the "issues [he] is faced with" and "misfortunes since being incarcerated," and requests the Court "improve the [f]ood and [h]ealth conditions," at CTF.  *See* Complaint for Violation of Civil Rights, Section VI.

As Plaintiff asserts federal civil rights claims against the Defendants, he is required to thoroughly exhaust all grievances prior to filing the subject litigation pursuant

2

to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Each inmate incarcerated at CTF receives an Inmate Handbook, which contains a summary of the facility grievance policies and procedures. Additionally, inmates have access to the complete grievance policy at each housing unit or through the Law Library located at CTF. *See* Exhibit 1 attached hereto, Affidavit of Joyce Allen, Facility Grievance Officer for CTF, at ¶ 7. While incarcerated at CTF, Plaintiff filed three informal grievances regarding finding a dead cockroach in this food on the two occasions alleged in his Complaint, but failed to comply with the remaining steps outlined in the CCA/CTF grievance policy. *See generally* Exhibit 1, Affidavit of Joyce Allen, Facility Grievance Officer for CTF.[1]

Plaintiff's first informal grievance was filed using an Informal Resolution Form ("IRF") on February 6, 2009, in which he alleged he found a dead cockroach in his oatmeal on the preceding Tuesday. Plaintiff checked the "Resolved" box where the "Informal Resolution Outcome" is indicated on the IRF, and signed an acknowledgement that he agreed with the remedy provided by the facility on February 12, 2009. *See* Informal Resolution Form dated February 6, 2009, Ex. 1, Attachment B. Plaintiff submitted another IRF on February 18, 2009, wherein he alleged finding a dead cockroach in his oatmeal on that same morning. Plaintiff checked the "Unresolved" box where the "Informal Resolution Outcome" is indicated on the IRF, but signed the IRF on February 27, 2009, again acknowledging that he agreed with the remedy provided on the IRF. *See* Informal Resolution Form dated February 18, 2009, Ex. 1, Attachment C. Plaintiff submitted a third IRF on February 26, 2009, which complained of both the February 3, 2009 and February 18, 2009 incidents. Plaintiff refused to sign and

---

[1] Cited hereinafter as "Allen Aff. at ¶ ____."

acknowledge receipt of the facility's response, and the IRF was marked as "Unresolved." *See* Allen Aff. at ¶ 14. Defendant Bivens signed the IRF as a witness to acknowledge Plaintiff received a response from the facility. *Id.*

The CTF grievance procedures state that in order for an inmate to exhaust the outlined administrative remedies, he must follow the facility grievance procedures and carry the grievance through to completion. *See* Allen Aff. at ¶ 8. The CTF grievance policy in place at the time of Plaintiff's incarceration contains the following five steps:

> (1) Within seven days of becoming aware of the grieveable incident, the inmate is to attempt informal resolution, and a staff member responds to the informal resolution request.
>
> (2) If the inmate is not satisfied with the result, he may, within five days, send a formal grievance to the grievance officer, who responds to the grievance.
>
> (3) If the inmate finds the grievance officer's response unsatisfactory, he can appeal to the Warden or the Warden's designee within five days of receipt of the grievance officer's decision and will receive a response from the Warden or Warden's designee.
>
> (4) If the inmate finds the Warden's or Warden's designee's response unsatisfactory, he may appeal to the contract monitor and will receive a response.
>
> (5) If the inmate finds the contract monitor's response unsatisfactory, he can appeal to the Director of the DC Department of Corrections, who will issue a final response.

*See* Allen Aff. at ¶ 8*; see also* Ex. 1, Attachment A.

By submitting an IRF on three occasions regarding the alleged incidents, Plaintiff only completed the first step of the grievance process. Plaintiff never filed a formal grievance as required by the policy. *See* Allen Aff. at ¶¶ 13, 16, 17. Additionally, Plaintiff has failed to provide any basis for a constitutional violation against these

4

Defendants that would entitle him to the relief sought. Additionally, Plaintiff does not allege any injury sustained as a result of seeing dead cockroaches in the food provided to him. For the reasons discussed herein, Plaintiff's Complaint against these Defendants must be dismissed.

## STANDARD OF REVIEW

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 562-63 (2007). The moving party is entitled to judgment if there are no allegations in the complaint that could provide a basis for recovery. *Haynesworth v. Mil*ler, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

Although the non-moving party enjoys the benefit of all inferences that can be reasonably drawn from the allegations alleged in the complaint, bare conclusions of law––or sweeping and unwarranted averments of fact—will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id*. While a complaint does not need detailed factual allegations to survive a motion to dismiss, a plaintiff does have an obligation to provide the grounds of his entitlements to relief. *See Bell Atl. Corp*., 544 U.S. at 555. Factual allegations must therefore be enough to raise a right to relief above a speculative level. *See Id.* The court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). As Plaintiff has failed to state any claims which would entitle him to relief, the Plaintiff's complaint should be dismissed in its entirety.

5

II.    **LEGAL ARGUMENT**

    A.    **PLAINTIFF FAILED TO EXHAUST THE ADMINISTRATIVE REMEDIES AVAILABLE TO HIM AS REQUIRED BY 42 U.S.C § 1997e(a)**

The PLRA requires inmates to properly exhaust all administrative remedies before bringing a lawsuit for a constitutional violation under 42 U.S.C § 1983. Pursuant to 42 U.S.C. §1997e(a):

> No action shall be brought with respect to prison conditions under § 1979 of the Revised Statutes of the United States (42 U.S.C § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted.

The exhaustion requirement promotes three important interests: "(1) deference to Congress's decision that independent administrative tribunals, not courts, shall serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and, (3) judicial economy by resolving complaints or setting forth findings of fact." *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991). These goals "can only be realized if the prison is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 95 (2006).

Inmates are required to exhaust all administrative remedies before filing civil litigation related to the conditions of their confinement. *Porter v. Nussell,* 534 U.S. 516, 524 (2002); *Barnard v. District of Columbia*, 223 F.Supp.2d 211, 212-213 (D.D.C. 2002) ("[A] prisoner may file a civil action relating to conditions of confinement only after he has exhausted the prison's administrative remedies"). The exhaustion requirement applies to all inmate suits about prison life and "are designed to . . . create an incentive

for [inmates] to do what they otherwise would prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims by requiring proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly.'" *Woodford*, 548 U.S. at 88 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Further, a prisoner must exhaust all of his administrative remedies, not just some. *See, e.g. Harper v. Jenkins,* 179 F.3d 1311, 1312 (11th Cir. 1999) (dismissing Section 1983 claim because the inmate did not appeal the denial of the grievance, thus failing to give the State a full chance to hear the grievance); *Wright v. Morris*, 111 F.3d 414, 417, n.3 (6th Cir. 1997) (finding inmate failed to exhaust when the inmate filed a grievance but "did not appeal the denial of that complaint to the highest possible administrative level"). Exhaustion is mandatory under the PLRA and unexhausted claims cannot be brought before the Court. *Jones v. Bock*, 549 U.S. 199, 211 (2006).

Plaintiff was a "prisoner confined in a jail, prison, or other correctional facility" for all purposes under 42 U.S.C. §1997e at the time he filed his Complaint. Plaintiff's Complaint asserts a civil rights claim under 42 U.S.C. § 1983, thus requiring him to exhaust all administrative remedies prior to bringing suit pursuant to the PLRA. Plaintiff filed three informal grievances, but thereafter failed to follow any of the additional four steps as required in the CTF grievance policy. *See* Allen Aff. at ¶¶ 11-14. Although an inmate is not required to demonstrate exhaustion in his complaint, if plaintiff's allegations, taken as true, show that relief is barred for failing to exhaust administrative remedies, the case is subject to dismissal for failure to state a claim upon which relief may be granted. *See Jones v. Bock*, 549 U.S. at 214-15. As Plaintiff did not comply with

the grievance policy for the claims made in his Complaint, Plaintiff's Complaint must be dismissed.

  **B. PLAINTIFF'S ALLEGATIONS DO NOT CONSTITUTE AN EIGHTH AMENDMENT VIOLATION**

In order for a condition of confinement to rise to the level of an Eighth Amendment violation, two elements must be met. The plaintiff must show: (1) the condition is sufficiently serious, such that there is a substantial risk of harm; and (2) that the defendants acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Anderson-Bey v. District of Columbia*, 466 F. Supp. 2d 51, 61 (D.D.C. 2006). As Plaintiff cannot establish either element, his claim must be dismissed.

  **1. Plaintiff Fails to Allege a Sufficiently Serious Condition**

The Complaint alleges two incidents wherein Plaintiff found cockroaches in the food served to him while incarcerated at CTF. While the Eighth Amendment imposes duties on prisons and prison officials to provide humane conditions of confinement, ensuring inmates receive adequate food, clothing and medical care, "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *see also Farmer*, 511 U.S. at 832. In order to establish that a condition of his confinement rises to the level of an Eighth Amendment violation, a plaintiff must show the condition creates a risk of harm "so grave that it violates contemporary standards of decency." *Scott v. District of Columbia*, 139 F.3d 940, 942 (D.C. Cir. 1998). Plaintiff simply has not put forth any factual allegations adequate to support this burden, and in fact, fails to allege any harm incurred, or harm he was exposed to from seeing the two

8

cockroaches in his food.

Other federal courts have found that inmates' claims of locating occasional foreign objects in food do not state an Eighth Amendment violation. *See Cross v. McMackin*, 827 F.2d 769 (6th Cir. 1987); *see also Lunsford v. Reynolds*, 376 F. Supp. 526, 527 (W.D. Va. 1974) (finding inmate complaints that food frequently contains insects does not present a question of constitutional proportion); *Islam v. Jackson*, 782 F. Supp. 1111, 1114-15 (E.D. Va. 1992) (finding one meal served with maggots, and meals served under unsanitary conditions for 13 days was not cruel and unusual punishment, even though inmate suffered symptoms of food poisoning on one occasion). As Plaintiff has not alleged a "sufficiently serious condition," such that there was a substantial risk of harm to his welfare, he cannot meet a requisite element for demonstrating a constitutional violation.

### 2. Plaintiff Fails to Allege These Defendants Acted With a Deliberate Indifference to Inmate Health or Safety

In order to be liable under the Eighth Amendment relative to a condition of confinement, a plaintiff must prove that prison officials were "knowingly and unreasonably disregarding an objectively intolerable risk of harm" to prisoner health or safety. *Franklin v. District of Columbia*, 163 F.3d 625, 635 (D.C. Cir. 1998) (quoting *Farmer*, 511 U.S. at 837). The "mental element" that must be proven is a stringent requirement. The subjective test has been described by the Supreme Court as follows:

> A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837.

In this case, the Plaintiff fails to identify any CCA employee who knew of and then consciously disregarded a substantial risk to Plaintiff's health or safety.  In the Complaint, Plaintiff's sole allegations of involvement by the individual named defendants are as follows:  1) that on February 3, 2009, Plaintiff told Defendant Akas that he found a dead cockroach in his beans; 2) that on February 18, 2009, Plaintiff purportedly found a dead cockroach in his oatmeal and showed it to Defendant Peace who recorded the event in a log book; and 3) that he complained to Defendant Fulton about the February 3 and February 18, 2009 incidents.  Plaintiff does not allege that individual defendants Akas, peace, Fulton or Bivens caused his food to become contaminated with cockroaches.  No conduct Plaintiff alleges demonstrates these defendants acted with deliberate indifference.

On the contrary, Plaintiff's allegations and series of informal grievances lodged demonstrate that Defendants Peace, Akas, Bivens and Fulton responded to his complaints and were not deliberately indifferent to his plight.  In fact, Plaintiff acknowledged he agreed with the remedy provided by the facility by signing the February 6 and February 18, 2009 Informal Resolution Forms where indicated, and indicated in his Complaint that as a result of his grievances, "the spray man comes on Wednesday now."  *See* Compl. at Section III (C)(4).  While Plaintiff may not have been satisfied with the remedy provided by the facility, an imperfect remedy is not enough to demonstrate deliberate indifference.  *See Scott v. District of Columbia*, 139 F.3d at 944 (finding that good faith attempts to enforce an imperfect nonsmoking policy militates against a finding of deliberate indifference); *see also Haynesworth v. Starkist Foods, Inc.*, 14 Fed. Appx. 3 (D.C. Cir.

2001) (complaint alleging an Eighth Amendment violation was properly dismissed because it was shown that "prison officials took prompt good faith remedial measures after learning of a potential risk caused by a product prepared by a third party.")

In this case, even though these Defendants do not admit that two incidents of finding unconsumed cockroaches in food served posed a substantial risk to Plaintiff's health or safety, the facility still addressed Plaintiff's grievances and took remedial measures as a consequence of his complaints. Therefore, as these defendants did not act with deliberate indifference to Plaintiff's health or safety, Plaintiff cannot meet this element to support his claim under 42 U.S.C. § 1983, and his claim must be dismissed.

### C. 42 U.S.C. §1997e(e) PRECLUDES ANY RECOVERY BY PLAINTIFF

In his Complaint, Plaintiff does not allege that he consumed the cockroaches that he purportedly discovered in his food, or that he suffered any physical injury as a result of seeing the cockroaches in his food. Plaintiff's claim for relief requests compensation for "the issues [Plaintiff has been] faced with," and for his "misfortunes since being incarcerated." *See* Compl. at Section VI. Plaintiff's makes no allegation of suffering any physical injury in connection with his "misfortunes" or "issues" in any respect. The PLRA bars inmates from bringing a "federal civil action . . . for mental or emotional injury suffered in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also Banks v. York*, 515 F. Supp. 2d 89, 105 (D.D.C. 2007). Plaintiff has not pleaded a physical injury incurred or suffered, and therefore has failed to state a claim for damages as required for relief under the PLRA.

Additionally, even under a generous reading of Plaintiff's allegations, Plaintiff fails to allege facts necessary to make a claim for mental or emotional injuries as well.

11

With all due deference to Plaintiff, persons housed in a detention facility most likely suffer "misfortunes" and "issues," while incarcerated, but without connecting those circumstances to the allegations lodged against the Defendants, Plaintiff has failed to state a claim for mental or emotional injury suffered as a result of these Defendants' actions. To the extent prisons are uncomfortable, restrictive, and even harsh, this is "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Without alleging facts necessary to connect his "misfortunes" and "issues" Plaintiff claims to have suffered as a proximate result of the actions of these Defendants, Plaintiff has failed to state a claim upon which relief may be granted.[2]

## III.     CONCLUSION

For the foregoing reasons, Defendants Corrections Corporation of America, Desandra Peace, Ifeanyi Akas, Walter Fulton and Shameka Bivens respectfully request that Plaintiff's claims be dismissed in entirety.

Dated July 9, 2009

>
> Respectfully submitted,
>
> PETER J. NICKLES
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General, Civil Litigation Division

---

[2] Additionally, to the extent Plaintiff's Complaint seeks some type of equitable relief related to his request that the Court "improve the food and health conditions" at CTF, such relief should be denied. A Plaintiff cannot seek injunctive or declaratory relief when he fails to identify "any real and immediate threat" that he would again be similarly injured. *See Brown v. Edwards*, 721 F.2d 1442, 1447 (5th Cir. 1984). In this case, assuming *arguendo* that Plaintiff has identified a cognizable injury in the first place, he has failed to put forth any facts to support he would be similarly injured in the future, and that such injury posed was "real and immediate."

/s/ William B. Jaffe
WILLIAM B. JAFFE [502399]
Chief, General Litigation Section III

/s/ Steven J. Anderson
STEVEN J. ANDERSON [334480]
Assistant Attorneys General
441 4th Street, N.W., 6S61
Washington, D.C. 20001
(202) 724-6607
(202) 741-5923 (fax)
steve.anderson@dc.gov

/s/ Linda A. Seabrook
LINDA A. SEABROOK [S.C. Bar No. 70554] [3]
Assistant Attorney General
441 Fourth Street, N.W., 6S58
Washington, D.C. 20001
(202) 724- 6648 (phone)
(202) 741-5906 (fax)
Email:  linda.seabrook@dc.gov

Attorneys for Defendants CCA/CTF, Akas, Fulton, Peace and Bivens

---

[3] Linda A. Seabrook appears pursuant to LCvR 83.2(f) and D.C. App. 49(c)(4).

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on July 9, 2009, I caused a true and correct copy of the foregoing to be served, via first-class U.S. Mail, postage prepaid, to:

> CLARENCE H. SMITH-BEY
> #187-524
> Correctional Treatment Facility
> 1901 E Street, S.E.
> Washington, DC   20003

☒ I hereby certify that on July 9, 2009, true and correct copies of the foregoing were served via CM/ECF to the attorneys of record in this matter

/s/ Linda A. Seabrook
LINDA A. SEABROOK